GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* ACHA ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an action for redemption.

MOTIONS of respondents to dismiss the appeal and motion of appellant to correct the transcript of the record.

No. 1062.—Decided December 23, 1913.

APPEAL—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD—OMISSION OF COPY OF JUDGMENT.—When, as in the case at bar, the transcript of the record does not contain a copy of the judgment appealed from and the respondent moves for a dismissal of the appeal on this· ground and the appellant, at the beginning of the proceedings on appeal and before the hearing has been set, moves for leave to correct the transcript of the record by including therein the judgment appealed from, said motion being accompanied by a duly certified copy of said judgment, ·and in the transcript of the record attested

by the attorneys for both parties various documents state that judgment was rendered and entered, the appeal should not be dismissed, but leave should be granted to amend the transcript of the record by adding thereto a copy of the judgment appealed from.

ID.—BRIEF OF APPELLANT—DISCRETION OF COURT.—The failure of the appellant to file his brief in time is not always a sufficient reason for the dismissal of the appeal. This court, in the exercise of its discretional power, may admit and consider a brief presented after the expiration of the time allowed by its rule.

EXTENSION OF TIME—EXPIRATION OF PERIOD.—It is a well established rule that after a period of time has expired it cannot be extended.

STIPULATION OF ATTORNEYS.—Agreements between attorneys as to extensions of time do not bind the courts.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for appellant.

*Mr. Manuel F. Rossy* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Four motions are pending decision in this case, as follows: *a.* One of the respondents, dated December 9, 1913, praying for the dismissal of the appeal on the ground that no copy of the judgment appealed from is included in the record; *b,* another of the appellant, of the same date, praying for leave to correct the transcript of the record; *c,* another of the respondents, dated December 10, 1913, objecting to the correction prayed for by the appellant; *d,* another of the respondents, dated December 10, 1913, praying for the dismissal of the appeal on the ground that the appellant failed to file his brief in time.

The hearing on the said four motions was held on December 16, 1913, at which the attorneys for both parties appeared.

The first three motions should be considered together.

It appears from the record that the judgment having been rendered in the suit by the District Court of San Juan, Section 1, an appeal was taken therefrom to this court, the transcript of the record having been filed in the office of the secretary thereof on November 26, 1913.

An examination of said record discloses that, as alleged by the respondents in their motion of December 9, there is really no copy of the judgment appealed from included

therein, for which reason the appeal should be dismissed in accordance with law and jurisprudence; but while this is true it is also true that immediately after the omission had been noticed and at the beginning of the proceedings on appeal in this court, even before the hearing of the case was set, the appellant moved for leave to correct the transcript by including in it the judgment appealed from, for which purpose a copy thereof duly certified by the clerk of the trial court accompanied the motion. It should be stated also, in order to set out all the circumstances of the case, that there were included in the transcript of the record, the correctness of which is attested by the attorneys for both parties, a copy of the decision of the court dismissing the complaint without special imposition of costs and ordering the clerk to enter the judgment, a copy of the notice of the judgment in which the secretary stated that said judgment was "duly entered," and a copy of the notice of the appeal from the judgment "finally and definitely rendered in the case."

Our rules authorize the correction of the record in the proper manner, at the proper time, and for good reasons. We have dismissed several appeals because in deciding them we have found that the records contained no copies of the judgments appealed from. These cases were already definitely submitted to our consideration and we could not decide regarding judgments the existence of which did not appear from the records.

This case is different. A motion to correct the record was made in due time and the missing document accompanied the same in such form as to leave no doubt of its existence. The reality of the judgment being thus established and our jurisdiction being clear by reason of the appeal taken from the said judgment, a dismissal of the appeal under such circumstances would be manifestly unjust.

Let us examine the fourth motion filed. Therein the dismissal of the appeal is asked for on the ground that the appellant did not file his brief in time.

From the record it appears that the time within which the appellant should have filed his brief expired on December 5, 1913; that on December 9, 1913, the attorneys for both parties filed in the office of the secretary of this court a stipulation to the effect that the appellant should have 10 days more within which to file his brief; that in view of the fact that it is not bound by agreements between the attorneys for the parties as to extensions of time, this court, by its order of December 9, 1913, refused to allow the extension agreed upon, without prejudice to the rights of the parties.

At this stage of the proceedings the respondents filed their motion of December 10, 1913, praying for the dismissal of the appeal because of the failure to file the brief in time. The court set December 16, 1913, for the hearing on the motion and prior to that date, or on December 12, 1913, the appellant filed his brief in the office of the secretary of this court.

Such being the circumstances of the case, should the appeal be dismissed?

The scope of our order of December 9 is clearly set forth in its language.

It s a well established rule that after a period of time has expired it cannot be extended. The extension should be applied for before the expiration of the period.

It is likewise well established that agreements between attorneys as to extensions of time are not binding on the courts. The attorneys should not rely upon the filing of a stipulation, as they did in the present case. They themselves cannot decide that which it is the province of the court to rule upon. Their proper course is to ask the court to approve their stipulation, if compatible with justice.

The words "without prejudice to the rights of the parties," employed by us in our order of December 9, mean that the appellant may file his brief subject to the contingencies of the case and that the respondents may apply for the dismissal of the appeal which may or may not be granted according to the attendant circumstances; for the filing of

the brief is not a jurisdictional condition and the court may, in the exercise of its discretion, admit the same after the period prescribed in its rules has expired.

In view of the circumstances of the case, we are of the opinion that it would be unjust to dismiss the appeal on the ground alleged. The appeal is now wholly and definitely before us for consideration and we should decide the same exclusively on its merits.

Therefore, the three motions of the respondents, *a, c* and *d,* should be overruled and that of the appellant, *b,* should be sustained.

> *Motions for dismissal of appeal overruled and*
> *motion for leave to correct the transcript of*
> *the record sustained.*

Justices Wolf and Aldrey concurred.

Chief Justice Hernández and Justice MacLeary took no part in the decision of these motions.